# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY SHAWN BOGUE, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 08-442-JHP-KEW |
| MARVIN VAUGHN, Warden, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at William S. Key Correctional Center in Fort Supply, Oklahoma, is challenging the revocation of 365 earned credits resulting from a disciplinary hearing at Cimarron Correctional Facility (CCF) in Cushing, Oklahoma.[1] Petitioner alleges he was denied due process in the disciplinary proceedings that found him guilty of Group Disruptive Behavior. He raises the following grounds for relief:

Ground I:    Petitioner was denied the opportunity to review the videotape and OSBI reports utilized as evidence to determine his guilt.

Ground II:   Petitioner was not permitted to present relevant documentary evidence.

Ground III:  There was no determination of the reliability of any confidential witness testimony.

Ground IV:   There was no written statement of the evidence utilized for a

---

[1] Petitioner was incarcerated at Oklahoma State Penitentiary in McAlester Oklahoma, which is located in the Eastern District of Oklahoma, when he filed this § 2241 petition. The petition, therefore, was properly filed in this court. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

> determination of guilt.

> Ground V: DOC failed to adhere to its own procedural time frames on numerous occasions.[2]

The respondent alleges the writ should be denied, because petitioner received the due process required by the United States Constitution. The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours' advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-456 (citations omitted).

The record shows petitioner was issued a disciplinary report on July 27, 2005, after one inmate was killed and numerous other inmates, including petitioner, were injured in a disturbance at a CCF "weight pile." Petitioner was found guilty of the offense of Group Disruptive Behavior at his August 5, 2005, disciplinary hearing. He appealed the result and the Appellate Review Authority ordered further investigation and a rehearing.

---

[2] Petitioner lists Ground V as "Ground Six" in his petition, apparently omitting a claim for "Ground Five."

On February 22, 2006, petitioner received an amended disciplinary report in which he again was charged with Group Disruptive Behavior, based on the staff's observation that petitioner was at the "weight pile," a video recording of petitioner entering the gym after the incident, and his failure to remove himself from the incident as it occurred. During the investigation petitioner asked for three witnesses--a CCF employee, a DOC employee, and an OSBI employee. The CCF employee, who was the person who wrote the incident and disciplinary reports and viewed the videotape of the incident, refused to provide an additional witness statement. The DOC employee provided a witness statement for the disciplinary hearing officer, but the OSBI employee stated he was not at liberty to provide a statement. Pursuant to DOC OP-060125(II)(D)(4), no person may be forced to make a witness statement.

After the investigation was completed, a rehearing was conducted on March 20, 2006, with petitioner in attendance. The disciplinary hearing officer found petitioner guilty and imposed discipline. The decision was based on the reporting staff member's statement that he had identified petitioner as being involved in the incident by viewing footage of a video made by a handheld camera. In addition, there was no indication that petitioner was not involved.

Petitioner appealed the determination to the warden and DOC Director, and he was denied final relief of his administrative appeal on August 30, 2006. He then sought relief in the Oklahoma County District Court, but relief was denied in Case No. CJ-2006-8746 on February 8, 2008. His appeal to the Oklahoma Court of Criminal Appeals was denied with a finding that petitioner had failed to demonstrate a denial of due process in the disciplinary proceedings. *Bogue v. Okla. Dep't of Corr.*, No. REC 2008-0221, slip op. at 3 (Okla. Crim. App. May 15, 2008).

Here, the court finds due process was provided to petitioner in accordance with *Wolff v. McDonnell*. He received his amended offense report on February 22, 2006, and the second disciplinary hearing was held on March 20, 2006, so he had more than 24 hours to prepare for the hearing. He was given the opportunity to call witnesses, and a statement was taken from the witness who agreed to give a statement. There were no confidential witnesses. The Investigator's Report indicated petitioner did not provide any documentary evidence to the investigator. Contrary to petitioner's assertions, the Disciplinary Hearing Report for the March 20, 2006, hearing set forth in writing the evidence relied upon for the finding of guilt, which was the investigator's statement regarding the content of the videotape of the incident. The videotape of the incident was in the custody of the OSBI, but it was viewed by the investigator who reported in his Review of Evidence that he identified petitioner as a participant in the group disturbance by viewing the videotape made with a handheld camera. The court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing.

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus [Docket #1] and his motion for order granting habeas corpus petition [Docket #9] are DENIED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 23rd day of September 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma